UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL, | No. 2:21-cv-01172-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER |
| ASHLEY SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion for leave to amend along with a proposed first amended complaint. ECF Nos. 34-35. Defendants have not filed an opposition and the time for doing so has expired. For the reasons explained below, the court will deny plaintiff's motion for leave to amend without prejudice.

**I.     Factual and Procedural History**

Plaintiff is a mentally ill state prisoner who is a participant in the Mental Health Services Delivery System at the Enhanced Outpatient ("EOP") level of care within the California Department of Corrections and Rehabilitation. This case is proceeding on plaintiff's complaint filed on June 22, 2021 alleging Eighth Amendment deliberate indifference claims and ADA/RA violations against defendants Smith and Ivey who were employed as psychologists at Mule Creek State Prison. ECF Nos. 1, 6.

1

After the summons for defendant Smith was returned unexecuted, the court directed plaintiff to provide additional information to serve this defendant. ECF Nos. 13, 14, 22. Ever since returning that service paperwork in October 2021, plaintiff has been attempting to change the first name of defendant Smith. See ECF No. 22. In an order dated December 1, 2021, the court advised plaintiff that he had two options. ECF No. 22 at 2. Plaintiff could either: "1) complete the attached USM-285 form in the name of Ashley Smith with a service address that is not Mule Creek State Prison; or, 2) plaintiff may file a motion to amend along with a proposed amended complaint that correctly identifies each defendant if plaintiff has obtained new information concerning the identity of defendant Smith." ECF No. 22 at 2. Plaintiff failed to pick from either of these two options and, instead, returned the service forms in the name of Rainelle Smith with a service address of Mule Creek State Prison. ECF No. 23. The court issued Findings and Recommendations on January 4, 2022 to dismiss defendant Ashley Smith from the present action based on plaintiff's failure to timely serve this defendant. ECF No. 26. Based on plaintiff's objections indicating that he identified defendant Smith's correct name as Rainelle Smith and his pro se status, the court explained the procedure for changing the name of the defendant listed in the complaint for a second time. ECF Nos. 28, 30 at 1-2. **"[P]laintiff may file a motion to amend along with a proposed amended complaint that correctly identifies each defendant by name, badge number, job or post title, and any other descriptive information that is available to plaintiff**." ECF No. 30 at 2 (emphasis in original). In this same order, plaintiff was also advised that "the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete." Id. at 2. On February 16, 2022, plaintiff filed a motion for leave to amend his complaint to change the name of defendant Smith to Rainelle Smith. ECF No. 32. However, plaintiff's motion was not accompanied by a proposed amended complaint. In a third order, the court warned plaintiff that it would not draft his amended complaint for him. ECF No. 33 at 2. His motion to amend was denied without prejudice to refiling it along with a proposed amended complaint within 30 days. ECF No. 33.

Plaintiff has finally filed a motion to amend his complaint along with a proposed first amended complaint. ECF Nos. 34-35. However, the proposed amended complaint is no less

2

confusing than any of plaintiff's prior pleadings.  In the two page proposed amended complaint, plaintiff merely rewrites the 9 paragraphs from his original complaint that contain the name of defendant Smith, but this time he changes the first name to Rainelle.  ECF No. 34.  Notably not included in the proposed amended complaint are any of the factual allegations pertaining to plaintiff's mental health treatment history for his suicidal ideation, nor any claims against defendant Ivey.  See ECF No. 1.  Thus, the proposed amended complaint does not comply with Local Rule 220 which requires an amended complaint to be complete in itself without reference to any prior pleading.

## II.   Legal Standards

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading within 21 days after service of a motion under Rule 12(b) or, if thereafter, only with the written consent of the opposing party or by leave of the court.  Leave to amend "shall be freely given when justice so requires."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In this case, plaintiff's current motion to amend was filed more than 21 days after defendant Ivey filed his motion to dismiss.  Therefore, leave of court is required.  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.  Additionally, the district court may consider the factor of undue delay."  Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

## III.   Analysis

Plaintiff has been provided three separate opportunities to file a proposed amended complaint that complies with the Federal Rules of Civil Procedure as well as the Local Rules.  In addition to being given multiple chances to comply, the court has also provided plaintiff with simple explanations for fixing the deficiencies in his pleadings.  Plaintiff has not provided any explanation for the 6 month delay in this case necessitated by the changing identity of defendant Smith and plaintiff's failure to provide sufficient information to properly serve this defendant.  In light of the procedural history of this case, the undersigned concludes that the factor of undue delay weighs in favor of denying plaintiff's motion to amend.  However, "[u]ndue delay by itself… is insufficient to justify denying a motion to amend."  Bowles, 198 F.3d at 758.  The

record, at present, does not support a finding of prejudice to defendant Smith or of specific bad faith by plaintiff in light of his documented mental health history.  Although the court is recommending granting defendant Ivey' motion to dismiss in a separate order, this does not suggest that amendment of the complaint is futile as this case is still proceeding on an Eighth Amendment deliberate indifference claim.  So, despite the court's frustration with plaintiff's confusing pleadings, the court will give plaintiff ONE LAST CHANCE to file a new motion to amend along with a proposed amended complaint that complies with the Rules of Civil Procedure as well as the Local Rules.

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your proposed first amended complaint and concluded that it does not comply with the Local Rules.  The court is not responsible for drafting your complaint for you even though you are pro se prisoner.  Even though the changing identity of defendant Smith has caused undue delay in this case, the court is denying your motion for leave to amend without prejudice.  If you do nothing, this case will proceed on your original complaint.  If you file another motion to amend, you must file a proposed amended complaint that contains **all claims against all defendants in a single document.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 35) is denied without prejudice.
2. Within 30 days from the date of this order, plaintiff may file a motion for leave to amend along with a proposed amended complaint that contains all claims against all defendants in a single document.
3. Plaintiff is once again advised that the Findings and Recommendations to dismiss defendant Ashley Smith without prejudice based on plaintiff's failure to timely serve this defendant are still pending.  ECF No. 26.  If plaintiff files a motion to amend along with an amended complaint within the time provided, the court will vacate the Findings and Recommendations.  However, if plaintiff fails to do so within the time

provided, the court will forward plaintiff's objections to the Findings and Recommendations to the district judge assigned to this case.

Dated: April 18, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp1172.m2amend.deny.docx