UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENARBLE CAMPBELL, | No. 2:21-cv-01172-KJM-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ASHLEY SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court is defendant Ivey's partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  ECF Nos. 29.  For the reasons discussed below, the undersigned recommends granting the motion.

**I.    Factual and Procedural History**

Plaintiff is a mentally ill state prisoner who is a participant in the Mental Health Services Delivery System at the Enhanced Outpatient ("EOP") level of care within the California Department of Corrections and Rehabilitation.  This case is proceeding on plaintiff's complaint filed on June 22, 2021 alleging Eighth Amendment deliberate indifference claims and ADA/RA[2]

---

[1] By separate order, the court addresses plaintiff's motion for leave to amend his complaint.  ECF No. 35.

[2] The Americans with Disabilities Act is codified at 42 U.S.C. §§ 12132 and the Rehabilitation Act is codified at 29 U.S.C. § 794.

1

violations against defendants Smith and Ivey who were employed as psychologists at Mule Creek State Prison at the time of the events at issue. ECF Nos. 1, 6.

Plaintiff's complaint alleges that defendant Ivey discharged plaintiff from suicide watch on May 26, 2018 even though plaintiff informed him that he was still suicidal. ECF No. 1 at 4-5. Later that same day, plaintiff cut his wrist with the lens from his glasses. ECF No. 1 at 5. Even after this suicide attempt, defendant Ivey ordered plaintiff released back to his cell. Id. In count one, plaintiff alleges that these actions were deliberately indifferent to plaintiff's mental health and safety in violation of the Eighth Amendment. ECF No. 1 at 10. In the second cause of action, plaintiff contends that defendant Ivey violated the ADA and RA by denying him mental health services due to the lack of adequate training on how to respond to individuals with physical and mental impairments. ECF No. 1 at 14.

## II. Motion to Dismiss

Defendant Ivey filed a partial motion to dismiss asserting that plaintiff's complaint fails to allege a valid ADA or RA claim. ECF No. 29. Defendant also challenges the Eighth Amendment deliberate indifference claim to the extent that it is pled as an official capacity claim. Plaintiff has not opposed the motion and the time to do so has expired.

### A. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more... than... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a motion to dismiss for failure

to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).

To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001). While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

**B. Analysis**

The court agrees with defendant Ivey that the complaint fails to allege a viable ADA/RA claim. The treatment, or lack of treatment, concerning plaintiff's mental health condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (per curiam) (holding that medical treatment decisions are not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (finding that the RA, like the ADA, was not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (concluding that medical decisions are not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Plaintiff's allegations go to the adequacy of the treatment or assistance he was receiving, not to the denial of services because of his disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011,

3

1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (stating that "the Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners…. The ADA does not create a remedy for medical malpractice.")). Plaintiff has not alleged any facts that support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity that is separate and apart from his mental health treatment. Therefore, the court recommends granting defendant Ivey's motion to dismiss the ADA/RA claims against him.

The court further recommends that the ADA/RA claims be dismissed without leave to amend as there does not appear to be any set of facts that plaintiff could allege based on his mental health treatment alone that would support an ADA/RA claim as a matter of law. Therefore, any amendment would be futile. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

While the court does not read plaintiff's Eighth Amendment deliberate indifference claim as an official capacity claim, the court will grant defendant Ivey's motion on this additional basis in an effort to provide clarity to the parties. Neither a state nor a state official can be sued in an official capacity for monetary damages because neither is a "person" for purposes of a § 1983 civil action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, any claim for monetary damages against the state government entity or a state official sued in an official capacity is barred. Id. For this reason, the court recommends granting defendant Ivey's motion to dismiss the Eighth Amendment deliberate indifference claim to the extent it seeks monetary damages against defendant in his official capacity.

### III. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the allegations in your complaint and defendant Ivey's partial motion to dismiss, the court is recommending that the ADA/RA claims be dismissed without leave to amend. The court is further recommending that this case proceed only on the Eighth Amendment

4

deliberate indifference claim against defendant Ivey in his individual capacity.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Ivey's partial motion to dismiss (ECF No. 29) be granted.
2. The ADA/RA claims be dismissed without further leave to amend.
3. The Eighth Amendment deliberate indifference claim against defendant Ivey be dismissed without leave to amend to the extent that it seeks damages against defendant in his official capacity.
4. This case be ordered to proceed on the Eighth Amendment deliberate indifference claim against defendant Ivey in his individual capacity.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2022

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp1172.mtd.docx

5