UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Senarble Campbell,

    Plaintiff,

  v.

Rainelle Smith, et al.,

    Defendants.

No. 2:21-cv-01172-KJM-CKD

ORDER

  Plaintiff Senarble Campbell, who is incarcerated and proceeding in forma pauperis, filed this action to pursue claims about his mental health care in Mule Creek State Prison. *See generally* Compl., ECF No. 1. He is not represented by counsel. His complaint was originally filed in June 2021. On the same day he filed his complaint, he asked the court to appoint an attorney to represent him. *See* Mot. Appoint Counsel, ECF No. 3. He wrote that he suffers from a "mental illness" and "requires mental health care" and "effective communication," which he described as a rule requiring prison staff to speak "slowly and assure that the inmate understands." *Id.* at 1–2. Campbell also cited the COVID-19 pandemic and the likelihood that experts will be asked to give opinions about his care. *Id.* at 1.

  The case was referred to a Magistrate Judge under this district's local rules. *See* E.D. Cal. L.R. 302. The Magistrate Judge denied the motion to appoint counsel after considering Campbell's "likelihood of success on the merits" and his ability "to articulate his claims pro se in

1

light of the complexity of the legal issues involved." Order (Aug. 24, 2021) at 2, ECF No. 6 (citing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). The Magistrate Judge found Campell's complaint "clear and concise," and she found that it satisfied the screening requirements of 28 U.S.C. § 1915A. *Id.*

About three months after the Magistrate Judge denied Campbell's motion to appoint counsel, he moved for reconsideration by the District Judge. Mot. Recons., ECF No. 18. He cited another similar case in which the same Magistrate Judge had appointed an attorney to represent him. *See* Order Appointing Counsel, *Campbell v. Tanton*, No. 18-671 (E.D. Cal. Dec. 14, 2018), ECF No. 29; Am. Discovery & Sched. Order at 5, *Campbell v. Tanton*, No. 18-671 (E.D. Cal. Oct. 14, 2021), ECF No. 117. Campbell argued his circumstances had not changed since counsel was appointed in the other case. *See* Mot. Recons. at 2.

While Campbell's motion for reconsideration was pending, he moved again for an order appointing an attorney. *See generally* Second Mot. Appoint Counsel, ECF No. 31. He cited difficulties in his ongoing recovery from a COVID-19 infection, such as weakness, tiredness, and a cough. *See id.* at 1.

This court denied Campbell's motion to reconsider because he had filed it about two months after the deadline imposed by the Local Rules. *See* Order Denying Recons., ECF No. 50 (citing E.D. Cal. L.R. 303(b)). The court did not address the second motion to appoint counsel, as it requested relief from the assigned Magistrate Judge. *See, e.g.*, Second Mot. Appoint Counsel at 1 ("I ask that this motion be accepted as an 'Emergency' Honorable Carolyn K. Delaney.").

About two weeks later, Campbell filed a third request to appoint counsel to represent him temporarily while the parties participated in an alternative dispute resolution program for civil rights cases filed by incarcerated plaintiffs. *See generally* Third Mot. Appoint Counsel, ECF No. 51 (citing Referral Order, ECF No. 49). The Magistrate Judge denied this motion in a brief order, finding no "exceptional circumstances." *See* Order (Sept. 6, 2022) at 2, ECF No. 53. The Magistrate Judge did not address the previous motion related to Campbell's difficulties recovering from COVID-19.

Under this District's Local Rules, "a Judge may retain any matter otherwise routinely referred to a Magistrate Judge." E.D. Cal. L.R. 302(d). This matter will remain under referral to the assigned Magistrate Judge for all pretrial proceedings, but the court elects on its own motion to retain Campbell's motion to appoint counsel based on his ongoing recovery from COVID-19. Doing so will promote the just and efficient resolution of this action.

"In proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Attorneys are appointed under this provision "only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984), *abrogated in part on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and . . . ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

This case remains in its early stages, so the likelihood of Campbell's success can be judged only by the allegations of his operative First Amended Complaint, ECF No. 39. It is plausible the defendants could ultimately be liable, assuming his allegations are true. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (summarizing the standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) as an assessment of whether a complaint's allegations "plausibly give rise to an entitlement to relief"). The potential that Campbell's claims are viable could weigh in favor of appointing counsel. *Cf. Agyeman*, 390 F.3d at 1104 (reversing the denial of request to appoint counsel in part because the likelihood of success was uncertain). On this record, however, the court cannot conclude that Campbell's ongoing recovery from COVID-19 has prevented him from capably pursuing his claims and grappling with the relevant legal issues. For that reason, his circumstances are not "exceptional" in the necessary sense.

These circumstances may of course change. Discovery and motion practice may prove to be complex as the case progresses, for example. And as noted above, in Campbell's other pending case, which involves many similar allegations, the Magistrate Judge concluded that

exceptional circumstances warranted the appointment of counsel.  For that reason, this order does not preclude the Magistrate Judge or this court from considering again in the future whether an attorney should be appointed to represent Campbell in this case.

The motion to appoint counsel (ECF No. 31) is **denied without prejudice to renewal.**

IT IS SO ORDERED.

DATED:  February 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE