UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Senarble Campbell,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Rainelle Smith, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-01172-KJM-CKD<br><br>ORDER |

　　　　Plaintiff Senarble Campbell previously requested appointment of counsel, Mot., ECF No. 31, which this court denied, finding his ongoing recovery from COVID-19 not "exceptional," Prior Order at 3, ECF No. 62; *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (explaining attorneys are appointed only in exceptional circumstances). Plaintiff asks the court to reconsider its decision. Request for Reconsideration, ECF No. 67. He claims an ongoing discovery dispute with defendants, in which defendants argue his discovery requests were untimely, shows he requires counsel in this case. *Id.* at 2.

　　　　While a court may relieve a party from an order under Rule 60 of the Federal Rules of Civil Procedure for "mistake, inadvertence, fraud, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1), (b)(6), plaintiff's new circumstances do not justify relief, *see* E.D. Cal. R. 230(j)(3), (4). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered

1

1 | evidence, committed clear error, or if there is an intervening change in the controlling law." *389*
2 | *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Although the court
3 | acknowledges the ongoing discovery dispute between plaintiff and defendants, the court also
4 | notes plaintiff has filed a motion to compel discovery, which is pending.  *See* Mot., ECF No. 65.
5 | The pendency of a discovery dispute alone does not comprise exceptional circumstances
6 | warranting appointment of counsel.  The court thus **denies plaintiff's request for**
7 | **reconsideration**.
8 |         This order resolves ECF No. 67.
9 |         IT IS SO ORDERED.
10 | DATED:  May 8, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE