1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SENARBLE CAMPBELL,                          No.  2:21-cv-01172-KJM-CKD P

12                  Plaintiff,

13          v.                                     ORDER AND

14    RAINELLE SMITH, et al.,                      FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in June 2021.  Several

19   motions are pending before the court including defendants' motion for summary judgment which

20   plaintiff has not opposed.  See ECF Nos. 64 (Defendants' Motion for Leave to File Amended

21   Answer), 65 (Plaintiff's Motion to Compel), 73 (Defendants' Motion for Summary Judgment).

22          The court is unable to address the merits of these motions due to plaintiff's ongoing

23   failure to prosecute this case.  The last two court orders attempted to be served on plaintiff have

24   been returned to the court based on plaintiff's refusal to accept service.  Plaintiff was warned by

25   order dated November 29, 2023 that his continued refusal would result in a recommendation that

26   this action be dismissed.  ECF No. 77.  That order was also returned to the court based on

27   plaintiff's refusal to accept service.  Based on plaintiff's ongoing refusal to accept service of the

28   court's orders, the undersigned recommends dismissing this action for failure to prosecute and for

                                                  1

1   failure to comply with a court order.

2          In determining whether a dismissal is appropriate, the court has considered five factors.

3   Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  These factors include:  "(1) the

4   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

5   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

6   their merits; and (5) the availability of less drastic alternatives.  Ferdik, 963 F.2d at 1260-61

7   (citing Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).  The first three factors in

8   Ferdik suggest that dismissal is warranted in this case.  Plaintiff's refusal to accept service of

9   court orders renders it impossible for the court to adjudicate pending matters in a timely manner

10  in this case, including defendants' motion for summary judgment.  See Pagtalunan v. Galaza, 291

11  F.3d 639, 642 (9th Cir. 2002) (emphasizing that "the trial judge is in the best position to

12  determine whether the delay in a particular case interferes with docket management and the

13  public interest….").  Moreover, plaintiff's actions are interfering with the rightful decision of this

14  case.  See Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).  The last

15  factor also tips in favor of dismissal as the court warned plaintiff about the possible consequence

16  for his ongoing refusal to accept service.  ECF No. 77.  This latest attempt by the court to avoid

17  imposing sanctions met with the same result:  plaintiff's refusal to accept service.  There are no

18  less drastic alternatives available to the court at this juncture.[1]  While a dismissal runs counter to

19  disposing of cases on their merits, the remaining factors counsel in favor of dismissing this case

20  for failure to prosecute.  See Malone v. United States Postal Service, 833 F.2d 128, 133 n. 2 (9th

21  Cir. 1987) (finding that district court's dismissal of action with prejudice was not an abuse of

22  discretion where four factors outweighed the single remaining factor).  Having considered the

23  Ferdik factors, the undersigned concludes that dismissal with prejudice is appropriate in this case.

24         Accordingly, IT IS HEREBY ORDERED that defendants' motion for leave to file an

25  amended answer (ECF No. 64) and plaintiff's motion to compel (ECF No. 65) are denied as moot

26  in light of the recommendation to dismiss this case with prejudice.

27

28  [1] Considering plaintiff's incarceration and his in forma pauperis status, it appears that monetary
    sanctions are not appropriate nor useful in this case.

1    IT IS FURTHER RECOMMENDED that:

2        1.   This action be dismissed with prejudice based on plaintiff's failure to prosecute and to

3             comply with court orders.

4        2.   Defendants' motion for summary judgment (ECF No. 73) be denied as moot.

5        3.   The Clerk of Court be directed to close this case.

6        These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11   objections shall be served and filed within fourteen days after service of the objections.  The

12   parties are advised that failure to file objections within the specified time may waive the right to

13   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14   Dated:  December 29, 2023

15                                                    _____
                                                      CAROLYN K. DELANEY
16                                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22   12/camp1172.F&R

23

24

25

26

27

28

                                            3